UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVEN D. BAUDER,                    )
                                     )    CASE NO. C10-1248-RSL
        Plaintiff,                   )
                                     )
        v.                           )
                                     )    REPORT AND RECOMMENDATION
BERNIE DENNEHY,                      )
                                     )
        Defendant.                   )
_____      )

    *Pro se* plaintiff Steven D. Bauder, proceeding *in forma pauperis*, alleges that defendant

Bernie Dennehy, Corrections Program Administrator at King County Correctional Facility

("KCCF"), violated 42 U.S.C. § 1983 and the First Amendment by denying plaintiff a kosher

diet.   (Dkt. 7.)   Defendant moves to dismiss because plaintiff failed to exhaust administrative

remedies as is required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a);

and moves for summary judgment based on qualified immunity and on the merits.   (Dkt. 13.)

The Court recommends DISMISSING this matter without prejudice for failure to satisfy PLRA

exhaustion, and for mootness because plaintiff seeks only injunctive relief and is no longer

/ / /

/ / /

REPORT AND RECOMMENDATION
PAGE -1

01  incarcerated at KCCF.[1]   The Court need not address summary-judgment questions regarding

02  qualified immunity and the merits.

03                                          **BACKGROUND**

04        Plaintiff was incarcerated in KCCF from April 2008 to January 2011 on the charge of

05  murder.[2]   (Dkt. 14, at 1–5.)   Plaintiff's claim in full is: "I was denied the kosher diet because,

06  according to the King County Jail, I was unable to sufficiently prove that I am, in fact, a Jew.".

07  (Dkt. 7, at 3.)   Defendant submits that plaintiff made several requests for kosher meals in

08  August 2010 that were denied due to the vague and insufficient nature of the requests and

09  plaintiff's failure to clarify in response to requests to do so.   (Dkt. 16.)   Plaintiff never grieved

10  his denied requests for kosher meals.   (Dkt. 16, at 5.)   Plaintiff seeks only injunctive relief: for

11  "King County Jail to recognize my faith and provide me with the properly cleansed food of the

12  kosher diet and a yarlmuka [sic]."   (Dkt. 7, at 4.)   Plaintiff is now incarcerated at Clallam Bay

13  Corrections Center.

14                                          **DISCUSSION**

15        Defendant argues that this matter should be dismissed because plaintiff did not exhaust

16  his administrative remedies.[3]   Defendant is correct and the Court construes plaintiff's failure to

17  _____

18        1 The Clerk is **DIRECTED** to correct plaintiff's address as follows: Steven D. Bauder, DOC Number 346344, Clallam Bay Corrections Center, 1830 Eagle Crest Way, Clallam Bay, WA 98326.

19        2 Plaintiff subsequently pleaded guilty to first-degree murder and was sentenced to 320 months of imprisonment.   (Dkt. 14, at 2, 7–11.)

20        3 Although the title of defendant's motion refers only to summary judgment, within the motion he clearly
21  moves to dismiss for failure to exhaust administrative remedies.   (*Compare* Dkt. 13, at 1 *with* Dkt. 13, at 6–7.) The failure to exhaust such non-judicial remedies is subject to an unenumerated Rule 12(b) motion to dismiss rather than a motion for summary judgment.   *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).   This is because summary judgment is on the merits, whereas dismissal for failure to exhaust administrative remedies is
22  not on the merits.   *Id.*   However, in deciding a motion to dismiss for failure to exhaust, a court may look beyond

REPORT AND RECOMMENDATION
PAGE -2

01  respond as an admission that defendant's motion has merit.  *See* Local Rule CR 7(b)(2).

02  Furthermore, this matter is now moot: plaintiff asks that KCCF provide him with kosher meals,

03  but he is no longer incarcerated at KCCF.

04          The PLRA created a requirement that prisoners exhaust administrative remedies within

05  the prison grievance system before filing a civil-rights lawsuit regarding prison conditions:

06          No action shall be brought with respect to prison conditions under section 1983
        of this title, or any other Federal law, by a prisoner confined in any jail, prison,
07      or other correctional facility until such administrative remedies as are available
        are exhausted.

08

09  42 U.S.C. § 1997e(a).   According to the United States Supreme Court, such "[e]xhaustion is no

10  longer left to the discretion of the district court, but is mandatory."   *Woodford v. Ngo*, 548 U.S.

11  81, 85 (2006).   The exhaustion requirement applies even where the relief sought—monetary

12  damages—cannot be granted by the administrative process.   *Id.* at 85; *Booth v. Churner*, 532

13  U.S. 731, 733 (2001).   Administrative exhaustion is required for any suit challenging prison

14  conditions, not just for suits under § 1983.   42 U.S.C. § 1997e(h); *Porter v. Nussle*, 534 U.S.

15  516, 524 (2002).   The requisite exhaustion is "proper exhaustion," which "demands

16  compliance with an agency's deadlines and other critical procedural rules because no

17  adjudicative system can function effectively without imposing some orderly structure on the

18  course of its proceedings."   *Ngo*, 548 U.S. at 90–91.   If administrative remedies have not been

19  exhausted at the time an action is brought, it must be dismissed without prejudice.   *See Wyatt v.*

20  *Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th

21  the pleadings and decide disputed issues of fact, a procedure closely analogous to summary judgment.  *Id.* at
22  1119–20 & n.14.   Thus, whether a party moves for summary judgment or for dismissal for failure to exhaust
administrative remedies, a court will employ the same standard of review.   The proper remedy for a prisoner's
failure to exhaust is dismissal of his claim without prejudice.  *Id.* at 1120.

REPORT AND RECOMMENDATION
PAGE -3

01 Cir. 2002) (per curiam).   Failure to satisfy the PLRA exhaustion requirement is an affirmative

02 defense as to which the defendant has the burden of proof.   *Wyatt*, 315 F.3d at 1119.

03        Defendant has carried his burden of showing that plaintiff did not properly exhaust his

04 administrative remedies with respect to his Free Exercise claim.   Although plaintiff made

05 several requests for a kosher meal that defendant denied for insufficiency of detail, plaintiff

06 failed even to take the first step of filing a grievance about any of these denials.   (Dkt. 16, at 5.)

07 Nothing plaintiff has presented suggests that he was impeded by any person or entity from

08 pursuing such grievances.

09        Plaintiff's 42 U.S.C. § 1983 complaint should be dismissed without prejudice for failure

10 to exhaust administrative remedies as is required by the PLRA.   It should also be dismissed as

11 moot because plaintiff is no longer incarcerated at KCCF and defendant therefore cannot

12 provide plaintiff with the injunctive relief that he seeks in the form of kosher meals.

13                                    **CONCLUSION**

14        The Court recommends DISMISSING this matter without prejudice for failure to

15 satisfy PLRA exhaustion, 42 U.S.C. § 1997e(a), and for mootness.   A proposed order is

16 attached.

17        DATED this 31st day of May, 2011.

18

19                                    _____

20                                    Mary Alice Theiler
                                      United States Magistrate Judge

21

22

REPORT AND RECOMMENDATION
PAGE -4